UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT WILLIE JOHNSON,

Plaintiff,

-against-

FMC DEVENS; FBOP OFFICER JOHN DOE 1; FEDERAL BUREAU OF PRISONS; U.S. DEPARTMENT OF JUSTICE; UNITED STATES OF AMERICA,

Defendants.

26-CV-5258 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert Willie Johnson, a federal prisoner who is currently held in the Devens Federal Medical Center in Ayers, Massachusetts ("FMC Devens"), brings this action *pro se*. Plaintiff asserts that his federal constitutional rights have been violated and he seeks damages, release from custody, and other injunctive relief. Plaintiff filed an application to proceed *in forma pauperis* ("IFP").[1] According to public court records, Plaintiff is currently a defendant in ongoing criminal proceedings in the United States District Court for the Northern District of New York. *See United States v. Johnson*, 5:25-CV-MJ-0236 (N.D.N.Y.). By amended order dated March 23, 2026, that court held that Plaintiff was currently incompetent to stand trial in the pending federal criminal matter. *Johnson*, No. 5:25-MJ-0236, Dkt. 39. The court also directed that Plaintiff be committed to a mental health facility for further evaluation and treatment "to determine whether [he] will attain capacity to permit [his federal criminal] proceedings to go forward." *Id.* A hearing regarding Plaintiff's competency to stand trial in those proceedings is currently scheduled for October 13, 2026.

[1] Plaintiff did not file a prisoner authorization.

On July 10, 2020, in a now-closed action brought in this court, Plaintiff was barred from filing future civil actions in this court IFP without first obtaining from the court leave to file. *See Johnson v. O'Hagan Wolfe*, ECF 1:19-CV-7337, 8 (S.D.N.Y. July 10, 2020), *appeal dismissed*, No. 21-299 (2d Cir. July 15, 2021).

The Court understands Plaintiff's claims in which he seeks release from custody as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Because the July 10, 2010 filing injunction does not apply to Plaintiff's claims for *habeas corpus* relief, the Court grants Plaintiff IFP status as to those claims. The injunction does apply, however, to Plaintiff's remaining civil claims. For the reasons set forth below, the Court (1) dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief without prejudice, for lack of jurisdiction; (2) denies Plaintiff's request for IFP status with respect to this remaining civil claims; and (3) dismisses those civil claims without prejudice.

## DISCUSSION

### A. *Habeas corpus* relief

The Court lacks jurisdiction to consider Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241. Generally, in order to entertain a claim for *habeas corpus* relief under Section 2241, a court must have jurisdiction over the person who has custody of the person seeking such relief, *see Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973), who is usually the warden of the facility in which the person seeking such relief is held or some other official who has direct control over the custody of the person seeking such relief, *see Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[T]he District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") Thus, jurisdiction to consider a Section 2241 *habeas corpus* challenge to a federal prisoner's physical confinement generally lies in the United States District Court for the federal judicial

district where that person is confined at the time of filing. *See id.* at 442; *Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025).

Plaintiff commenced this action by filing a complaint while he was held in FMC Devens, which is located in the District of Massachusetts, not in this judicial district.[2] This court, therefore, lacks jurisdiction to consider Plaintiff's claims in which he challenges his confinement. The Court does not believe that it would be in the interest of justice to sever and transfer these claims to another federal district court. Accordingly, the Court dismisses these claims for Section 2241 *habeas corpus* relief for lack of jurisdiction, but without prejudice to the filing of such claims in a Section 2241 petition filed in an appropriate United States District Court for the judicial district where he is confined.[3] *See* 28 U.S.C. §§ 1406(a), 1631.

**B. Remaining civil claims**

Plaintiff seeks IFP status to proceed with his remaining civil claims, but he has not sought leave from the court to file such claims, as required by the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8. The Court therefore denies Plaintiff IFP status as to the

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because conversion of a submission into a Section 2241 *habeas corpus* petition may restrict a litigant's future attempts to seek *habeas corpus* relief, federal district courts must normally give a *pro se* litigant notice and an opportunity to withdraw the submission before a court recharacterizes it as a Section 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because the Court's dismissal of his claims for *habeas corpus* relief without prejudice does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

remaining civil claims and dismisses them without prejudice due to Plaintiff's failure to comply with the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8.

## CONCLUSION

The Court dismisses this action. The Court construes Plaintiff's claims in which he seeks release from custody as claims for *habeas corpus* relief under 28 U.S.C. § 2241. Because the filing injunction issued against Plaintiff pursuant to the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8, does not apply to his claims for *habeas corpus* relief, the Court grants Plaintiff IFP status as to those claims. The filing injunction does apply, however, to Plaintiff's remaining civil claims.

The Court dismisses Plaintiff's claims for Section 2241 *habeas corpus* relief actions for lack of jurisdiction and without prejudice. With respect to the remaining civil claims, the Court denies Plaintiff IFP status and dismisses such claims without prejudice due to Plaintiff's failure to comply with the court's July 10, 2020 order in *Johnson*, ECF 1:19-CV-7337, 8.

Because Plaintiff has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to issue a judgment dismissing this action for the reasons set forth in this order and also denying a certificate of appealability.

SO ORDERED.

Dated: September 11, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge